UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-12811-RGS

JAMIE MUNCHBACH

v.

WEYMOUTH POLICE DEPARTMENT and SOUTH SHORE HEALTH

ORDER

November 8, 2024

STEARNS, D.J.

*Pro se* litigant Jamie Munchbach has filed a complaint against the Weymouth Police Department and South Shore Health, alleging that, on October 28, 2024, they wrongfully caused her to be involuntarily committed to a mental health facility pursuant to M.G.L. ch. 123, § 12(b). Dkt #1. Munchbach filed a motion for leave to proceed *in forma pauperis* and a motion for a temporary restraining order. Dkt ## 2, 3.

Munchbach asserts that there was no medical basis for the commitment. According to Munchbach, the defendants had her committed because she filed a tort claim against the Weymouth Police Department and a charge of discrimination against South Shore Health. Munchbach also represents that she obtained a restraining order against her husband, from

whom she is separated.[1]  She claims that her husband played a role in her involuntary commitment.  Munchbach alleges that the defendants had her committed her just a few hours after she had obtained the restraining order against her husband and filed for divorce.  Munchbach states that she was released from the temporary involuntary commitment on or about November 6, 2024.

Upon review of Munchbach's filings, the court hereby orders:

1. The motion for leave to proceed *in forma pauperis* is GRANTED.

2. The motion for a temporary restraining order is DENIED.  In this motion, Munchbach ask that the court issue a "a restraining order or an order to stop abusing me from Weymouth Police and South Shore Health."  Dkt # 3 at 1.  She also states: "The petition to the court and the unnecessary and deadly medication Pembroke Hospital wanted to administer would have killed me and is not of any sound medical practices."  *Id*. at 2

The court must deny the motion.  A party seeking an *ex parte* temporary restraining order must allege that his injury or loss is "immediate and irreparable" and will occur before the adverse party or that party's

---

[1] Munchbach attached to the complaint a copy of an abuse prevention order restricting James Munchbach's contact with the plaintiff.

attorney can be heard in opposition to the motion. Fed. R. Civ. P. 65(b).[2] Further, the party must certify to the court in writing the efforts, if any, which have been made to give the defendant notice of the request for a restraining order, or the reasons supporting the claim that notice should not be required. *Id.*

In this case, Munchbach has not alleged that any "immediate and irreparable" harm will occur before the defendants can be heard in opposition to the motion. Moreover, Munchbach has not certified her efforts to give notice to the defendants of her motion for emergency relief or explained why such notice should not be required. Her failure to meet the requirements of Fed. R. Civ. P. 65(b) provides sufficient ground for denial of a motion for a temporary restraining order.

---

[2]The Federal Rules of Civil Procedure provide that:

> a temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

In addition, Munchbach's request for relief is too vague for the court to provide. In any order of injunctive relief (including a temporary restraining order), the court must state the terms of the order "specifically" and "describe in reasonable detail . . . the act or acts restrained or required." Fed. R. Civ. R. 65(d)(1). Given that the relief Munchbach requests very generalized, it would be impossible for the court to issue a temporary restraining that adequately describes "in reasonable detail" what the defendants are not allowed to do. The court cannot simply order the defendants to "stop abusing" Munchbach.

3.  If Munchbach wishes to proceed with this action, she must file an amended complaint within thirty-five (35) days that more clearly identifies the defendants' alleged misconduct. Failure to do so will result in dismissal of this action without prejudice.

Munchbach's factual allegations are not very clear and do not adequately specify the defendants' wrongdoing. The court understands that Munchbach seeks to hold the defendants responsible for her recent temporary commitment. However, she must state how each defendant was involved and what each defendant did that caused her to be wrongfully committed, including dates, and, when relevant, approximate times. At this stage of litigation, Munchbach does not need to provide evidence to support

these allegations.  But the complaint must "contain sufficient factual matter, accepted as true" that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In addition, the factual allegations and legal claims must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(a), (b).

### SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE